# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| RICHARD P. YASAK | ) | |
| | ) | CASE NO. 05-44128 |
| | ) | |
| | ) | JUDGE PAMELA S. HOLLIS |
| Debtor | ) | |

## TRUSTEE'S FINAL REPORT

To:   THE HONORABLE
      BANKRUPTCY JUDGE PAMELA S. HOLLIS

NOW COMES ALEX D. MOGLIA, Trustee herein, and respectfully submits to the Court and to the United States Trustee his Final Report in accordance with 11 U.S.C. §704(9).

1.   Alex D. Moglia was appointed as the Chapter 7 trustee (the "Trustee"). The Petition commencing this case was filed on October 5, 2005. The Trustee was appointed on October 5, 2005. The Trustee's bond in this case is included as part of the Trustee's blanket bond.

2.   The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in 11 U.S.C. §704. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee has not found it advisable to oppose the Debtor's discharge. The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

3.   The disposition of estate property is set forth in Exhibit B. The scheduled value of property abandoned is no more than $11,400.00. The property sought to be abandoned, along with the reasons for such abandonment, is the following: a bank account that the Debtor valued at $900.00; furniture that the Debtor valued at $1,000.00; an antique slot machine that the Debtor valued at $3,000.00 and that the Trustee determined had no liquidation value for the estate; clothes that the Debtor valued at $1,000.00; a life insurance policy that the Debtor valued at -$6,000.00 (after

reviewing this with the Debtor the Trustee believes that the Debtor intended to report the value at –0-) and that the Trustee determined had an outstanding loan against it, and in which the Debtor claimed a full exemption; a pension that the Debtor claimed was exempt; a 1997 Pontiac mini-van that the Debtor valued at $4,500.00 and in which he claimed a $1,200.00 exemption and a 1977 Buick Electra 225 that the Debtor valued at $1,000.00-the Trustee determined that neither of these vehicles held liquidation value for the estate.

4. A summary of the Trustee's Final Report as of August 18, 2006 is as follows:
  a. RECEIPTS (See Exhibit C)    50,053.73
  b. DISBURSEMENTS (See Exhibit C)    0.00
  c. NET CASH available for distribution    50,053.73
  d. TRUSTEE/PROFESSIONAL COSTS
    1. Trustee compensation requested (See Exhibit E)    5,752.69
    2. Trustee Expenses (See Exhibit E)    0.00
    3. Compensation requested by attorney or other professionals for trustee (See Exhibit F)    4,510.00
  e. Illinois Income Tax for Estate    0.00

5. The Bar Date for filing unsecured claims expired on April 1, 2006.

6. All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee (see Exhibit D). The actual dollar amount of claims allowed and/or requested for this estate is as follows:
  a. Allowed unpaid tax lien Claims    23,523.17
  b. Chapter 7 Administrative and 28 U.S.C. §1930 Claims    10,262.69
  c. Allowed Chapter 11 Administrative Claims    0.00
  d. Allowed Priority Claims    0.00
  e. Allowed Unsecured Claims    100,548.45

7. The Trustee proposes that after payment of the tax lien and administrative creditors, unsecured creditors receive a distribution of 16.18% of allowed claims.

8. Total compensation previously awarded to Trustee's counsel, accountant or other professional was 0.00. Professional's compensation and expense requested but not yet allowed is $4,510.00. The total of Chapter 7 professional fees and expenses requested for final allowance is $4,510.00.

9. No basis pursuant to 11 U.S.C. §329 appears to exist to request an examination of the fees that the Debtor paid to counsel for services rendered in connection with this case. Chapter 11 professionals' fees and expenses were allowed and/or paid pursuant to Court order(s) as follows: N/A

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this Report and for such other relief as the Court shall deem proper.

RESPECTFULLY SUBMITTED:

Dated:  11/14/06            By:  /s/Alex D. Moglia
                                 ALEX D. MOGLIA, Trustee
                                 1325 REMINGTON RD.  STE. H
                                 SCHAUMBURG, IL  60173

## TASKS PERFORMED BY TRUSTEE

The Trustee reviewed the Debtor's Schedule of Assets and Liabilities and Statement of Financial Affairs.

The Trustee conducted an examination of the Debtor at the Section 341 meeting of creditors.

The Trustee analyzed the estimated value of the realty in which the Debtor held an interest, and directed his counsel to analyze the extent of the interest that the Debtor held.

The Trustee consulted with counsel about the likely value of the realty and the Debtor's interest therein, and negotiated a price to sell the estate's interest in the realty.

The Trustee closed on the sale and deposited the proceeds into the bankruptcy estate's interest-bearing account.

The Trustee prepared annual and semi-annual reports to the United States Trustee's Office.

The Trustee managed the estate's cash on hand. This included investing the estate's funds in interest bearing accounts and maintaining a report of cash receipts and disbursements.

The Trustee examined the Debtor's records in an effort to identify additional assets available to the estate for liquidation and to verify the disposition of assets.

The Trustee attended to tax issues concerning the estate.

The Trustee reviewed the claims filed in this case.

The Trustee prepared the Final Report.

EXHIBIT A

## DISPOSITION OF ESTATE PROPERTY

| Scheduled Property and Disposition | Amount Realized |
|---|---|
|  |  |
|  |  |
|  |  |

| Unscheduled Property | Amount Realized |
|---|---|
|  |  |
|  |  |
|  |  |

|  |  |  |
|---|---|---|
| TOTAL RECEIPTS | $ | 50,053.73 |
| TOTAL SCHEDULED VALUE OF PROPERTY ABANDONED | $ | 0.00 |
| TOTAL SCHEDULED VALUE OF EXEMPT PROPERTY | $ | 8,700.00 |

EXHIBIT B

## EXHIBIT C

## CASH RECEIPTS AND DISBURSEMENTS

EXHIBIT C

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 05-44128 |
| RICHARD P. YASAK | ) | |
| | ) | CHAPTER 7 |
| | ) | |
| | ) | JUDGE PAMELA S. HOLLIS |
| Debtor | ) | |

**DISTRIBUTION REPORT**

I, <u>ALEX D. MOGLIA</u>, Trustee herein, certify that I have reviewed all claims filed with the Clerk of the Bankruptcy Court and have examined all orders of Court, and state that based on my review I propose to make the following distribution:

SUMMARY OF DISTRIBUTION:

| | |
|---|---:|
| Secured Claims | $ 0.00 |
| Chapter 7 Administrative Expenses: | $ 10,262.69 |
| Chapter 11 Administrative Expenses: | $ 0.00 |
| Priority Claims (507(a)(2)-(a)(7)): | $ 0.00 |
| Secured Tax Liens: | $ 23,523.17 |
| Priority Tax Claims: | $ 0.00 |
| Other Priority Claims (507(a)(9)): | $ 0.00 |
| General Unsecured Claims: | $ 16,267.87 |
| <u>TOTAL AMOUNT TO BE DISTRIBUTED:</u> | $ 50,053.73 |

EXHIBIT D

| 1. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| Secured Claims | $0.00 | 0.00% |
| **CLAIM NUMBER**    **CREDITOR** | **ALLOWED AMOUNT** | **DIVIDEND AMOUNT** |

| 2. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a) & (B) and §507(a)(1) (Chapter 7 costs of administration including court costs and U.S. Trustee quarterly fees pursuant to 28 U.S.C. 1930(6)) | $10,262.69 | 100.00% |
| **CLAIM NUMBER**    **CREDITOR** | **ALLOWED AMOUNT** | **DIVIDEND AMOUNT** |
| Alex D. Moglia | 5,752.69 | 5,752.69 |
| Mandell Menkes LLC | 4,510.00 | 4,510.00 |

| 3. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a) & (b) and §507(a)(1) (Debtor-in-possession (DIP) administrative expenses) | $0.00 | 0.00% |
| **CLAIM NUMBER**    **CREDITOR** | **ALLOWED AMOUNT** | **DIVIDEND AMOUNT** |

EXHIBIT D

| 4. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | §507(a)(2) - Gap claims arising in involuntary cases and allowed pursuant to §502(f) | $0.00 | 0.00% |
| **CLAIM NUMBER** | **CREDITOR** | **ALLOWED AMOUNT** | **DIVIDEND AMOUNT** |

| 5. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | §507(a)(3) - Wages, salaries or commissions limited to $4,300.00 | $0.00 | 0.00% |
| **CLAIM NUMBER** | **CREDITOR** | **ALLOWED AMOUNT** | **DIVIDEND AMOUNT** |

| 6. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | §507(a)(4) - Contributions to Employee Benefit Funds | $0.00 | 0.00% |
| **CLAIM NUMBER** | **CREDITOR** | **ALLOWED AMOUNT** | **DIVIDEND AMOUNT** |

EXHIBIT D

| 7. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | §507(a)(5) - Farmers' and Fishermen's claims to the extent of $4,300.00 | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|

| 8. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | 507(a)(6) - Deposits by consumers to the extent of $1,950.00 | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|

| 9. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | 507(a)(7) - Alimony | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|

EXHIBIT D

| 10. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §724(b) - Tax Liens | $23,523.17 | 100.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|
| 5A | United States of America, Dept of Treasury | 23,523.17 | 23,523.17 |

| 11. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(8) - Tax claims excluding fines and penalties | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|

| 12. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(9) - Capital Commitments to FDIC, et al. | $0.00 | 0.00% |

EXHIBIT D

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|

| 13. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a)(2) - General Claims (To be paid pro-rata after costs of administration and priority claims are paid in full) | $100,548.45 | 16.18% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|
| 1 | American Express Travel Related Services Co Inc | 662.06 | 107.12 |
| 2 | American Express Centurion Bank | 3,806.70 | 615.89 |
| 3 | eCAST Settlement Corporation | 16,782.74 | 2,715.30 |
| 4 | eCAST Settlement Corporation | 2,071.91 | 335.22 |
| 5 | United States of America, Dept. of Treasury | 77,225.04 | 12,494.34 |

| 14. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| Subordinated unsecured claims | $0.00 | 0.00% |

| CLAIM | | ALLOWED | DIVIDEND |
|---|---|---|---|

EXHIBIT D

| NUMBER | CREDITOR | AMOUNT | AMOUNT |
|---|---|---|---|

| | | TOTAL | FINAL |
|---|---|---|---|
| **15.** | **TYPE OF CLAIMS** | **AMOUNT OF CLAIMS** | **DIVIDEND %** |
| §726(a)(3) - Late unsecured claims | | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|

| | | TOTAL | FINAL |
|---|---|---|---|
| **16.** | **TYPE OF CLAIMS** | **AMOUNT OF CLAIMS** | **DIVIDEND %** |
| §726(a)(4) - Fines/penalties | | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|

| | | TOTAL | FINAL |
|---|---|---|---|
| **17.** | **TYPE OF CLAIMS** | **AMOUNT OF CLAIMS** | **DIVIDEND %** |
| §726(a)(5) - Interest | | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|

EXHIBIT D

| 18. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---:|---:|
| §726(a)(6) - Surplus to Debtor | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|

The following claims are not included in the distribution because they have been disallowed by court order or have been withdrawn by the claimant:

| TYPE OF CLAIM | CLAIM NUMBER | CREDITOR AND ADDRESS | AMOUNT OF CLAIM | DISALLOWED /WITHDRAWN (DESIGNATE) |
|---|---|---|---|---|

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct.

Dated: _____    _____
ALEX D. MOGLIA, Trustee