**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 05-44128 |
| RICHARD P. YASAK | ) | |
| | ) | CHAPTER 7 |
| | ) | |
| | ) | JUDGE PAMELA S. HOLLIS |
| Debtor | ) | |

**NOTICE OF FILING OF THE TRUSTEE'S FINAL REPORT,
HEARING ON APPLICATIONS FOR COMPENSATION, AND HEARING
ON THE ABANDONMENT OF PROPERTY BY THE TRUSTEE**

TO the Debtor, Creditors, and other Parties in Interest:

1. NOTICE IS HEREBY GIVEN that the Trustee of the above captioned case has filed a Trustee's Final Report and final applications for compensation. A hearing will be held.

   At: U.S. BANKRUPTCY COURT
   219 South Dearborn, Courtroom 644
   Chicago, Illinois 60604

   on: January 11, 2007
   at: 10:30 a.m.

2. The hearing will be held for the purpose of ruling on any objections to the Final Report, ruling on applications for compensation and expenses, and any objections to the pending applications, and transacting such other business as may be properly notices before the Court. ATTENDANCE BY THE DEBTOR AND CREDITORS IS WELCOMED BUT IS NOT REQUIRED.

3. The Trustee's Final Report shows total:
   a. Receipts                                  $         50,053.73

   b. Disbursements                             $              0.00

   c. Net Cash Available for Distribution       $         50,053.73

4. Applications for administration fees and expenses have been filed as follows:

| Applicant | Compensation Previously Paid | Fees Now Requested | Expenses Now Requested |
|---|---|---|---|
| Trustee | $ 0.00 | $ 5,752.69 | $ |
| Trustee's Attorney | $ 0.00 | $ 4,510.00 | $ |

Mandell Menkes LLC

5. In addition to the fees and expenses of administration listed above as may be allowed by the Court, secured tax claims totaling $23,523.17 must be paid in full for there to be any dividend to general unsecured creditors. The dividend for secured tax claims is anticipated to be 100.00%.

| Claim Number | Claimant | Allowed Amount of Claim | Proposed Payment |
|---|---|---|---|
| 5 | United States of America, Department of Treasury | $ 23,523.17 | $ 23,523.17 |

6. Claims of general unsecured creditors totaling $100,548.45, have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The general unsecured dividend is anticipated to be $16.18%.

Allowed general unsecured claims are as follows:

| Claim Number | Claimant | Allowed Amount of Claim | Proposed Payment |
|---|---|---|---|
| 1 | American Express Travel Related Services Co Inc | $ 662.06 | $ 107.12 |
| 2 | American Express Centurion Bank | $ 3,806.70 | $ 615.89 |
| 3 | eCAST Settlement Corporation | $ 16,782.74 | $ 2,715.30 |
| 4 | eCAST Settlement Corporation | $ 2,071.91 | $ 335.22 |
| 5 | United States of America, Dept. of Treasury | $ 77,225.04 | $ 12,494.34 |

7. Proposed dividends are approximations. Actual dividends may differ due to interest accrual, fee reductions, or as ordered by the Court.

8. The Trustee's Final Report and all applications for compensation are available for inspection at the office of the Clerk of the Bankruptcy Court, Dirksen Federal Courthouse, 219 S. Dearborn Street, 7th Floor, Chicago, Illinois 60604, or may be viewed on the Court's web site, *www.ilnb.uscourts.gov*. If no objections are filed, the Court will act on the fee application(s) and the Trustee may pay dividends pursuant to Federal Rule of Bankruptcy Procedure 3009 without further order of Court.

9. The Debtor has been discharged.

10. The Trustee proposed to abandon the following property with an aggregate value of no more than $10,500 at the hearing: an antique slot machine that the Debtor valued at $3,000.00 and that the Trustee determined had no liquidation value for the estate; clothes that the Debtor valued at $1,000.00; a life insurance policy that the Debtor valued at -$6,000.00 and that the Trustee determined had an outstanding loan against it, and in which the Debtor claimed a full exemption; a pension that the Debtor claimed was

exempt; a 1997 Pontiac mini-van that the Debtor valued at $4,500.00 and in which he claimed a $1,200.00 exemption and a 1977 Buick Electra 225 that the Debtor valued at $1,000.00-the Trustee determined that neither of these vehicles held liquidation value for the estate.


Dated:   November 29, 2006            For the Court,


                               By:   KENNETH S GARDNER
                                     Kenneth S. Gardner
                                     Clerk of the United States Bankruptcy Court
                                     219 S. Dearborn Street, 7th Floor
                                     Chicago, IL  60604